# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE TOVAR,<br><br>       Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Case No. 1:23-cv-00016-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL<br><br>(ECF Nos. 13, 16, 18) |

## I.

## INTRODUCTION

Jorge Tovar ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits pursuant to the Social Security Act. The matter is currently before the Court on the parties' cross-motions for summary judgment, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

For the reasons explained herein, Plaintiff's motion for summary judgment shall be denied, Defendant's cross-motion for summary judgment shall be granted, and Plaintiff's social security appeal shall thus be denied.

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge and this action has been assigned to Magistrate Judge Stanley A. Boone for all purposes. (See ECF Nos. 9, 11, 12.)

## II.

## BACKGROUND

### A.      Procedural History

On July 2, 2018, Plaintiff filed a Title XVI application for supplemental security income benefits, alleging disability beginning on May 13, 2018.  (AR 74.)  Plaintiff's application was initially denied on September 19, 2018, and denied upon reconsideration on December 27, 2018.  (AR 87, 102.)  On September 21, 2021, Plaintiff appeared for a hearing before Administrative Law Judge Kathleen Laub (the "ALJ").  (AR 37.)  On September 29, 2021, the ALJ issued a decision finding that Plaintiff was not disabled.  (AR 14-29.)  On September 15, 2022, the Appeals Council denied Plaintiff's request for review.  (AR 4-9.)

On January 3, 2023, Plaintiff filed this action for judicial review.  (ECF No. 1.)  On May 3, 2023, Defendant filed the administrative record ("AR") in this action.  (ECF No. 13.)  Following an extension of the briefing schedule, on July 20, 2023, Plaintiff filed an opening brief in support of summary judgment.  (Pl.'s Opening Br. ("Br."), ECF No. 16.)  On September 5, 2023, Defendant filed an opposition brief and motion for cross-summary judgment.  (Def.'s Opp'n ("Opp'n"), ECF No. 18.)  Plaintiff did not file a reply brief.

### B.      The ALJ's Findings of Fact and Conclusions of Law

The ALJ made the following findings of fact and conclusions of law as of the date of the decision, April 14, 2021:

1.  The claimant has not engaged in substantial gainful activity since July 2, 2018, the application date (20 CFR 416.971 et seq.).

2.  The claimant has the following severe impairments: intellectual disability; major depressive disorder (dysthymia); and generalized anxiety disorder (20 CFR 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.  After careful consideration of the entire record, the undersigned finds that the

1  claimant has the residual functional capacity to perform a full range of work at all

2  exertional levels but with the following nonexertional limitations: he can perform

3  work that needs little or no judgment to do simple duties that can be learned on the

4  job in a short period of time of up to 30 days and has a reasoning level of no higher

5  than 2. Further, he can sustain ordinary routines, understand, carry out and remember

6  simple instructions and use judgment in making simple work-related decisions. He

7  can attend and concentrate for two-hour periods totaling a normal eight-hour workday

8  with usual work breaks. He can respond appropriately to supervision, co-workers and

9  usual work situations. He is able to deal with changes in a routine work setting. He

10  can work at a consistent pace throughout the workday but not at a production rate

11  pace where each task must be completed within a strict time deadline. He can perform

12  low stress work, which is defined as work requiring at most occasional decisions and

13  occasional changes in work duties and tasks.

14  5.  The claimant has no past relevant work (20 CFR 416.965).

15  6.  The claimant was born on November 13, 1983 and was 34 years old, which is defined

16  as a younger individual age 18-49, on the date the application was filed (20 CFR

17  416.963).

18  7.  The claimant has at least a high school education (20 CFR 416.964).

19  8.  Transferability of job skills is not an issue because the claimant does not have past

20  relevant work (20 CFR 416.968).

21  9.  Considering the claimant's age, education, work experience, and residual functional

22  capacity, there are jobs that exist in significant numbers in the national economy that

23  the claimant can perform (20 CFR 416.969 and 416.969a).

24  10. The claimant has not been under a disability, as defined in the Social Security Act,

25  since July 2, 2018, the date the application was filed (20 CFR 416.920(g)).

26  (AR 19-28.)

27  / / /

28  / / /

3

# III.

# LEGAL STANDARD

## A.    The Disability Standard

To qualify for disability insurance benefits under the Social Security Act, a claimant must show she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[2] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Regulations set out a five-step sequential evaluation process to be used in determining if a claimant is disabled.  20 C.F.R. § 404.1520;[3] Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194 (9th Cir. 2004).  The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work?  If so, proceed to step three.  If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1?  If so, the claimant is disabled.  If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

[3] The regulations which apply to disability insurance benefits, 20 C.F.R. §§ 404.1501 et seq., and the regulations which apply to SSI benefits, 20 C.F.R. §§ 416.901 et seq., are generally the same for both types of benefits. Accordingly, while Plaintiff seeks only Social Security benefits under Title II in this case, to the extent cases cited herein may reference one or both sets of regulations, the Court notes these cases and regulations are applicable to the instant matter.

*Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  The burden of proof is on the claimant at steps one through four.  *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020).  A claimant establishes a *prima facie* case of qualifying disability once she has carried the burden of proof from step one through step four.

Before making the step four determination, the ALJ first must determine the claimant's RFC.  20 C.F.R. § 416.920(e); *Nowden v. Berryhill*, No. EDCV 17-00584-JEM, 2018 WL 1155971, at *2 (C.D. Cal. Mar. 2, 2018).  The RFC is "the most [one] can still do despite [her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e); 416.945(a)(2); Social Security Ruling ("SSR") 96-8p, underline at 1996 WL 374184 (Jul. 2, 1996).[4]  A determination of RFC is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner.  *See* 20 C.F.R. §§ 404.1527(d)(2) (RFC is not a medical opinion); 404.1546(c) (identifying the ALJ as responsible for determining RFC).  "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity."  *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).

At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).  To do this, the ALJ can use either the Medical Vocational Guidelines ("grids"), or rely upon the testimony of a VE.  *See* 20 C.F.R. § 404 Subpt. P, App. 2; *Lounsburry*, 468 F.3d at 1114; *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001).  "Throughout the five-step evaluation, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.' "  *Ford*, 950 F.3d at 1149 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

---

[4] SSRs are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner.  20 C.F.R. § 402.35(b)(1).  While SSRs do not have the force of law, the Court gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989); *see also Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006).

**B.      Standard of Review**

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits.  42 U.S.C. § 405(g). In determining whether to reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision.  See Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  Further, the Court's review of the Commissioner's decision is a limited one; the Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); Biestek v. Berryhill, 139 S. Ct. 1148, 1153 (2019).  "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion."  Thomas v. Barnhart (Thomas), 278 F.3d 947, 954 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)); see also Dickinson v. Zurko, 527 U.S. 150, 153 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).  "[T]he threshold for such evidentiary sufficiency is not high."  Biestek, 139 S. Ct. at 1154.  Rather, "[s]ubstantial evidence means more than a scintilla, but less than a preponderance; it is an extremely deferential standard." Thomas v. CalPortland Co. (CalPortland), 993 F.3d 1204, 1208 (9th Cir. 2021) (internal quotations and citations omitted); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). Even if the ALJ has erred, the Court may not reverse the ALJ's decision where the error is harmless.  Stout, 454 F.3d at 1055–56.  Moreover, the burden of showing that an error is not harmless "normally falls upon the party attacking the agency's determination."  Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

Finally, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."  Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Nor may the Court affirm the ALJ on a ground upon which he did not rely; rather, the Court may review only the reasons stated by the ALJ in his decision.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).  Nonetheless, it is not this Court's function to second guess the ALJ's conclusions and substitute the Court's

1   judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational

2   interpretation, it is the ALJ's conclusion that must be upheld." Ford, 950 F.3d at 1154 (quoting

3   Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).

4                                                           **IV.**

5                                        **DISCUSSION AND ANALYSIS**

6          Plaintiff argues the ALJ erred by rejecting physician opinions without proper consideration of

7   the supportability and consistency of the opinions with the record.

8          **A.      General Legal Standards**

9          Where, as here, a claim is filed after March 27, 2017, the revised Social Security

10  Administration regulations apply to the ALJ's consideration of the medical evidence. See

11  Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions), 82 Fed. Reg.

12  5844-01, 2017 WL 168819, at *5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Under the updated

13  regulations, the agency "will not defer or give any specific evidentiary weight, including

14  controlling weight, to any medical opinion(s) or prior administrative medical finding(s),

15  including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a);

16  416.920c(a). Thus, the new regulations require an ALJ to apply the same factors to all medical

17  sources when considering medical opinions, and no longer mandate particularized procedures

18  that the ALJ must follow in considering opinions from treating sources. See 20 C.F.R. §

19  404.1520c(b) (the ALJ "is not required to articulate how [he] considered each medical opinion or

20  prior administrative medical finding from one medical source individually."); Trevizo v.

21  Berryhill, 871 F.3d 664, 675 (9th Cir. 2017). As recently acknowledged by the Ninth Circuit,

22  this means the 2017 revised Social Security regulations abrogate prior precedents requiring an

23  ALJ to provide "clear and convincing reasons" to reject the opinion of a treating physician where

24  uncontradicted by other evidence, or otherwise to provide "specific and legitimate reasons

25  supported by substantial evidence in the record, " where contradictory evidence is present.

26  Woods v. Kijakazi, 32 F.4th 785, 788–92 (9th Cir. 2022).

27         Instead, "[w]hen a medical source provides one or more medical opinions or prior

28  administrative medical findings, [the ALJ] will consider those medical opinions or prior

                                                          7

administrative medical findings from that medical source together using" the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; [and] (5) other factors that "tend to support or contradict a medical opinion or prior administrative medical finding."  20 C.F.R. §§ 404.1520c(a), (c)(1)–(5).  The most important factors to be applied in evaluating the persuasiveness of medical opinions and prior administrative medical findings are supportability and consistency.  20 C.F.R. §§ 404.1520c(a), (b)(2).  Regarding the supportability factor, the regulation provides that the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), the more persuasive the medical opinions … will be."  20 C.F.R. § 404.1520c(c)(1).  Regarding the consistency factor, the "more consistent a medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) … will be."  20 C.F.R. § 404.1520c(c)(2).

Accordingly, the ALJ must explain in her decision how persuasive she finds a medical opinion and/or a prior administrative medical finding based on these two factors.  20 C.F.R. § 404.1520c(b)(2).  The ALJ "may, but [is] not required to, explain how [she] considered the [other remaining factors]," except when deciding among differing yet equally persuasive opinions or findings on the same issue.  20 C.F.R. §§ 404.1520c(b)(2)–(3).  Further, the ALJ is "not required to articulate how [she] considered evidence from nonmedical sources."  20 C.F.R. § 404.1520c(d).  Nonetheless, even under the new regulatory framework, the Court still must determine whether the ALJ adequately explained how she considered the supportability and consistency factors relative to medical opinions and whether the reasons were free from legal error and supported by substantial evidence.  See Martinez V. v. Saul, No. CV 20-5675-KS, 2021 WL 1947238, at *3 (C.D. Cal. May 14, 2021).

### C.  The Court Finds the ALJ did not Commit Harmful Error in Weighing the Medical Opinions

The ALJ weighed Dr. Khan's opinion as follows:

> In September and December 2018, Disability Determination Services (DDS) psychiatrist S. Khan, MD, reviewed the claim's treatment records and opined that the claimant had moderate

limitations in concentrating, persisting, or maintaining pace, and mild limitations in the other paragraph B criteria (1A/8; 3A/8). They further opined that the claimant is able to perform unskilled tasks; maintain concentration, persistence, and pace for unskilled tasks over a 40-hour work week; and adapt to changes in a work setting (1A/10-12; 3A/10-12). The undersigned finds these opinions to be unpersuasive because Dr. Khan supported his opinion with records that were greater than 10 years old and outside of the period at issue (1A). Both opinions were inconsistent with the treatment records, which show that the claimant regularly and consistently engaged in both psychiatric treatment and therapy for his mental health issues (4F). Additionally, these opinions are not consistent with the one-time consultative examination, during which the claimant appeared to be distracted and was unable to perform portions of the exam (2F/4).

However, Dr. Khan's opinion that the claimant was able to perform unskilled, full-time work is consistent with the record as a whole, which reflects the claimant was able to maintain his college course work while also meeting the demands of a part-time job.

(AR 26.) The ALJ weighed Dr. Michiel's opinion as follows:

In September 2018, independent consultative psychiatrist Ekram Michiel, MD, evaluated the claimant and opined the claimant would be unable to maintain attention and concentration to carry out simple job instructions, nor would the claimant be able to handle his own funds (2F/5). The undersigned finds this opinion to be unpersuasive even though it is supported by the results of the consultative examination, at which the claimant appeared to be distracted, was unable to recall any of three items after a short delay, was unable to do a digit span backwards, but was able to do a forward digit span of four out of five digits and do simple math calculations (2F/4). However, it is not consistent with the results of the examinations, where the claimant's psychiatric condition was generally noted to be within normal limits (3F/46, 50, 88, 92, 96, 110; 5F/120). It is also not consistent with the claimant's own academic achievements, including obtaining both an Associate's degree and a Bachelor's degree (4F/3, 49). It is also inconsistent with the claimant's ability to maintain part-time work activity while engaging in college coursework. Furthermore it is inconsistent with the claimant's testimony that he saves money, maintains a checking account and he is able to balance the account.

(AR 26-27.)

Plaintiff argues the ALJ's adoption of Dr. Kahn's opinion that Plaintiff can perform unskilled work, while ignoring the specification that Plaintiff's capacity for unskilled work is only that work involving one-two step tasks, is legal error.  Further, Plaintiff argues the ALJ's reference to Dr. Michiel's opinion as a basis for discounting Dr. Khan's opinion is deficient, as the conflict between the basis fails to state a reason for discounting Dr. Khan's opinion, since the ALJ also did not credit

1    Dr. Michiel's opinion.  Plaintiff argues the ALJ's circular logic, finding Dr. Khan's opinion

2    unpersuasive because it is inconsistent with Dr. Michiel's opinion, which the ALJ also did not adopt

3    as persuasive, fails to meet the substantial evidence standard.   See Rhiannon P., Pl., v.

4    Commissioner, Social Security Administration, Def., 6:21-CV-1039-MC, 2023 WL 2187552, at *7

5    (D. Or. Feb. 23, 2023) ("Finding Mr. Pua's assessment inconsistent with another medical opinion that

6    the ALJ also found unpersuasive is circular, and not a sound reason to discredit Mr. Pua's opinion.").

7         Plaintiff submits that the ALJ's failure to consider the full extent of Dr. Khan's opinion and

8    articulate a reason for discounting this portion of the opinion requires remand, and because the ALJ

9    credited Dr. Khan's opinion that Plaintiff can perform unskilled work, but failed to include caveats of

10   the opined limitations in the RFC, this also requires remand.  Plaintiff contends the ALJ's error is

11   harmful, because had she properly credited the limitation in Dr. Khan's opinion, which included that

12   Plaintiff can perform only simple, 1-2 steps tasks, she would have to find that Plaintiff is not capable

13   of performing two of the jobs identified at Step Five.  (AR 28.)  Specifically, two jobs identified at

14   Step Five require a Reasoning Level of 2, demanding that the employee at least be able to carry out

15   detailed written or oral instructions.   See DOT # 209.587-034 (marker);  DOT # 209.587-010

16   (addresser).  Plaintiff highlights the Ninth Circuit has determined, "there is an apparent conflict

17   between a claimant's limitation to one and two step tasks and a job requiring reasoning exceeding

18   Level 1." Morrison v. Berryhill, No. 1:17-CV-00632- JLT, 2018 WL 4521208, at *6 (E.D. Cal. Sept.

19   20, 2018) (citing Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1003 (9th Cir. 2015)).  Plaintiff

20   also notes the remaining job, Sweeper-Cleaner, does not represent "significant numbers" of jobs

21   Plaintiff can perform, as there are only 12,314 jobs in the national economy, and that the Ninth

22   Circuit case law suggests that the ALJ must establish that at least 25,000 jobs exist in the national

23   economy that a claimant can perform in order to show that a "significant number" of jobs exist.  See

24   Gutierrez v. Commr. of Soc. Sec., 740 F.3d 519, 529 (9th Cir. 2014) ("Under our current case law,

25   the ALJ's finding that 25,000 national jobs is sufficient presents a close call.").

26         Plaintiff underwent a psychiatric consultative examination performed by examining

27   physician Dr. Ekram Michiel, M.D. on September 1, 2018.  (AR 536.)  Plaintiff describes that this

28   record reflects on examination, Plaintiff exhibited stuttering speech and each time he stuttered he

1    became frustrated and would hit his head to recall, remember, or speak clearly; his mood was

2    depressed and his affect was intense; his thought process was goal-directed occasionally but most of

3    the time he was distracted and thought content was circumstantial; Plaintiff couldn't do digit span

4    backwards; was unable to recall any items after five minutes;  said he would call his neighbor if there

5    was a fire in the neighborhood; did not know what "let's cross that bridge when we reach it" meant;

6    and was unable to recall what he ate the night before.  (AR 538.)  Dr. Michiel opined it is clear the

7    Plaintiff has impairments in attention and concentration, insight and judgment, and short and long-

8    term memory, and assessed Plaintiff with intellectual development disorder, unspecified; attention

9    deficit hyperactivity disorder; and learning disorder.  (AR 539.)  Dr. Michiel concluded that based

10   upon the evaluation and observation throughout the interview, Plaintiff is unable to maintain

11   attention and concentration to carry out simple job instructions.  (AR 539.)

12          Plaintiff submits that Dr. Michiel's opinion is in conflict with the RFC assessment, and

13   therefore, the ALJ was required to set forth legitimate, lawful reasoning to explain how the

14   consistency and supportability factors were considered in the determination.  See SSR 96-8p; Woods,

15   2022 WL 1195334, at *6.

16          Plaintiff also notes the ALJ completely misstated that Plaintiff has a bachelor's degree.  (AR

17   26.)  Plaintiff argues nowhere in the record does it show Plaintiff obtained a bachelor's degree,

18   including the records the ALJ cited to, and the ALJ excluded evidence that revealed Plaintiff had

19   difficulties in obtaining his associate's degree and that he had to drop classes.  (AR 819, 825, 838,

20   850.)

21          As for Plaintiff's argument that the ALJ erred because an RFC finding for simple work did

22   not account for all the limitations contained in the prior administrative medical finding (PAMF) of

23   Dr. Khan because the PAMF purportedly limited Plaintiff to one-to-two-step tasks, Defendant argues

24   the Court should reject the argument because the ALJ's RFC finding accounted for the *maximum*

25   mental functioning detailed in the PAMF, the ability to do simple work.

26          The Court agrees.  Where a State agency consultant finds that a claimant can perform both

27   simple work, and one-to-two-step tasks, an RFC for simple work accounts for the limitations

28   contained in the consultant's findings because the most a claimant can do based on such a PAMF

1  would be simple work.  See Corwin v. Kijakazi, No. 1:20-CV-00394-GSA, 2021 WL 5771658, at *4

2  (E.D. Cal. Dec. 6, 2021) ("if Plaintiff can perform not only simple one to two step tasks but also

3  simple and routine tasks, it is appropriate for the RFC to reflect only the latter") (remanded on other

4  grounds); Nyberg v. Comm'r of Soc. Sec., No. 2:20-CV-0338-DMC, 2021 WL 1295378, at *6 (E.D.

5  Cal. Apr. 7, 2021) ("It is clear that Dr. Colsky opined that the most Plaintiff can do is simple

6  repetitive work, which is precisely the residual functional capacity described by the ALJ.  Because

7  the ALJ accounted for Dr. Colsky's opinion as to the most Plaintiff can do, the Court finds no error

8  in the ALJ's analysis."); Andrade v. Comm'r of Soc. Sec., No. 1:22-CV-00861-EPG, 2023 WL

9  3601572, at *3 (E.D. Cal. May 23, 2023) ("The structure of the opinion does not suggest that Dr.

10 Garland was opining that Plaintiff could, at most, perform 1 to 2 step instructions."); Nicole D. D. v.

11 Kijakazi, No. 5:23-CV-00312-BFM, 2023 WL 4765553, at *4 (C.D. Cal. July 26, 2023) ("where

12 State agency consultants find that a claimant can perform simple unskilled tasks *and* simple one-to

13 two- step unskilled tasks, it is proper for the ALJ to find a residual functional capacity based on the

14 'higher' ability to perform work involving simple unskilled tasks (or in this case, 'simple work at

15 reasoning levels one or two'), because that is the *most* a claimant can do based on such findings").

16      Here, Dr. Khan found that Plaintiff could perform simple work; found that Plaintiff was not

17 significantly limited in understanding and remembering very short and simple instructions, and

18 carrying out very short and simple instructions (AR 82-83); and similarly found that Plaintiff had no

19 more than moderate limitations (AR 80).  Dr. Khan also did not state that Plaintiff was limited only

20 to one to two step tasks when asked to explain the PAMF.  (AR 82-84).  Additionally, the RFC for

21 simple work also accounts for the moderate limitations assessed.  See Stubbs-Danielson v. Astrue,

22 539 F.3d 1169, 1174-1176 (9th Cir. 2008) (the ALJ properly translated Plaintiff's moderate mental

23 impairments and ability to perform simple tasks, into an RFC finding for unskilled work); Mogensen

24 v. Saul, 775 F. App'x 917, 918 (9th Cir. 2019) (unpublished) (affirming RFC that accounted for

25 moderate limitations); Lee v. Berryhill, 721 F. App'x 604, 608 (9th Cir. 2017) ("the ALJ accounted

26 for his finding that Lee had moderate difficulties in concentration, persistence, or pace by limiting

27 Lee to 'simple repetitive tasks' because this limitation accorded with the restrictions discussed in the

28 medical record"); Terrey v. Berryhill, 696 F. App'x 831, 833 (9th Cir. 2017) (unpublished) (RFC

1  limitation to simple tasks accommodated physician's opinion that claimant had moderate deficits in

2  understanding, carrying out, and remembering instructions; responding to customary work pressures;

3  and performing complex tasks;); Turner v. Berryhill, 705 F. App'x 495, 498 (9th Cir. 2017)

4  (unpublished) ("An RFC determination limiting a claimant to 'simple, repetitive tasks' adequately

5  captures limitations in concentration, persistence, or pace where the determination is consistent with

6  the restrictions identified in the medical evidence").

7        Plaintiff has submitted no reply brief addressing or countering these arguments and legal

8  authorities.   Accordingly, because the ALJ's RFC finding accounted for the maximum mental

9  capacity as detailed in Dr. Khan's PAMF, this Court should affirm.

10        As for Dr. Michiel, the ALJ acknowledged that Dr. Michiel's opinion was supported by the

11  findings from the consultative examination, however, an ALJ can still find a medical opinion

12  unpersuasive based on one factor—consistency with the overall record.  See Woods, 32 F.4th at 792-

13  93 & n.4.

14        Addressing consistency, the ALJ noted that Dr. Michiel's assessment was inconsistent with

15  examination findings where Plaintiffs' psychiatric condition was generally within normal limits (AR

16  27).   The ALJ cited to generally normal mental status examinations demonstrating findings such as

17  good judgment, normal mood and affect, and normal memory; Plaintiff was also active, alert, and

18  oriented (AR 585, 589, 627, 631, 635, 649, 995).  As the ALJ also discussed earlier in the decision,

19  Plaintiff had normal memory, good concentration, fair insight/judgment, and appropriate appearance;

20  he was also cooperative with good eye contact (AR 20-21, 781-82). Other psychiatric findings were

21  normal or Plaintiff denied relevant complaints (e.g., AR 476, 503, 518, 519, 525, 711, 717, 735,

22  740).

23        The ALJ also found that Dr. Michiel's opinion was inconsistent with Plaintiff's academic

24  achievement (AR 27).  See Bayliss v. Barnhart, 427 F.3d 1211 (9th Cir. 2005) (rejecting physician

25  opinion because the assessed limitations did not prevent the claimant from completing high school,

26  obtaining a college degree, finishing a certified nurse aid program and participating in military

27  training).  It is undisputed that Plaintiff obtained an associate degree (AR 27, 740, 754, 759, 786).

28  The Court agrees with Defendant that whether the ALJ misinterpreted the level of Plaintiff's

educational attainment is harmless.  See Ford, 950 F.3d at 1156 n.8.  The Court finds it was still reasonable for the ALJ to find that an associate degree was inconsistent with Dr. Michiel's conclusion that Plaintiff was unable to perform simple work, and agrees with Defendant that even if the Court were to disagree on that point, the ALJ's other reasons for discounting Dr. Michiel's opinion constitute substantial evidence supporting the decision.

Finally, the ALJ found that Dr. Michiel's opinion was inconsistent with Plaintiff's part time work activity, while he was engaging in college coursework (AR 27).  Work activity is a reasonable consideration when evaluating a Plaintiff's disability.  See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996).  Plaintiff engaged in part time work that he was paid for (AR 19, 338, 351, 740).  Specifically, Plaintiff testified at the hearing that he worked at a warehouse labeling boxes (AR 43-44); he tutored other students with disabilities at his school (AR 50, 748); and he was paid for photography work (AR 26, 748)l and reported to his treatment provider that he wanted more hours at work (AR 26, 746) and continued to look for work (AR 742).  The Court  finds it was reasonable for the ALJ to compare Dr. Michiel's conclusion that Plaintiff was unable to perform even simple job instructions, with Plaintiff's work activity that contradicted such extreme limitations.

The Court agrees with Defendant that considering the ALJ's decision and the record as a whole, the ALJ's analysis can be reasonably discerned.  Molina v. Astrue, 674 F.3d 1104, 1121 (9th Cir. 2012) (Even when an agency "explains its decision with 'less than ideal clarity,'" we must uphold it "if the agency's path may reasonably be discerned.").

The Court finds that under the applicable standards and considering the record and opinion as a whole, the ALJ properly weighed the medical opinions, made specific findings regarding the factors of consistency and supportability, in accordance with the regulations, and the RFC determination is supported by substantial evidence in the record.  See Ford, 950 F.3d at 1156; Woods, 32 F.4th at 787.

## V.

## CONCLUSION AND ORDER

In a substantial evidence review, "a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."

1    <u>Biestek</u>, 139 S.Ct. at 1154.  "Even assuming without deciding that the medical evidence could

2    support conflicting inferences, the court must defer to the Commissioner where the evidence is

3    susceptible to more than one rational interpretation."  <u>Quinones v. Astrue</u>, No. CV 08-7225

4    AGR, 2009 WL 3122880, at *3 (C.D. Cal. Sept. 25, 2009) (citing <u>Moncada v. Chater</u>, 60 F.3d

5    521, 523 (9th Cir. 1995)); <u>see also</u> <u>Andrews</u>, 53 F.3d at 1039 ("The ALJ is responsible for

6    determining credibility, resolving conflicts in medical testimony, and for resolving

7    ambiguities.").  So long as substantial evidence supports the ALJ's assessment of a claimant's

8    subjective complaints, the Court will not engage in "second-guessing."  <u>Thomas</u>, 278 F.3d at

9    959; <u>see also</u> <u>Davis v. Berryhill</u>, 736 Fed. App'x 662, 665 (9th Cir. 2018) ("Though [the

10   claimant] may disagree with the ALJ's interpretation of the record, the latter's interpretation is

11   supported by substantial evidence, which precludes the Court from engaging in second-

12   guessing.").  Thus, while Plaintiff may seek to suggest an alternative interpretation of this

13   evidence, such is not sufficient to establish reversible error.  See <u>Ford</u>, 950 F.3d at 1154; <u>Burch</u>,

14   400 F.3d at 679 (citations omitted).

15       There is "a presumption that ALJs are, at some level, capable of independently reviewing

16   and forming conclusions about medical evidence to discharge their statutory duty to determine

17   whether a claimant is disabled and cannot work."  <u>Farlow v. Kijakazi</u>, 53 F.4th 485, 488 (9th Cir.

18   2022); <u>Tommasetti</u>, 533 F.3d at 1041–42 ("[T]he ALJ is the final arbiter with respect to

19   resolving ambiguities in the medical evidence.");  <u>Batson</u>, 359 F.3d at 1193 ("[T]he

20   Commissioner's findings are upheld if supported by inferences reasonably drawn from the record

21   . . . and if evidence exists to support more than one rational interpretation, we must defer to the

22   Commissioner's decision.") (citations omitted).  The Court finds the ALJ reasonably and

23   properly weighed the medical opinions and administrative findings, and issued a proper RFC

24   determination supported by substantial evidence, and an opinion free from harmful error.  <u>See</u>

25   <u>Bayliss</u>, 427 F.3d at 1214 n.1 (" If the record would support more than one rational

26   interpretation, we defer to the ALJ' s decision" ); <u>Burch</u>, 400 F.3d at 679 (same); <u>Smartt</u>, 53

27   F.4th at 494 (same); <u>Batson</u>, 359 F.3d at 1193 ("the Commissioner's findings are upheld if

28   supported by inferences reasonably drawn from the record").

In conclusion, the Court rejects the Plaintiff's challenges and finds no error warranting remand of this action.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED, Defendant's cross-motion for summary judgment is GRANTED, and Plaintiff's appeal from the decision of the Commissioner of Social Security is DENIED.  It is FURTHER ORDERED that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff Jorge Tovar.  The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **February 6, 2024**                                    _____
                                                                                                                UNITED STATES MAGISTRATE JUDGE